UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>MARY VERONICA SANTIAGO-<br>MONTEVERDE,<br><br>    Debtor. | Chapter 7<br><br>Case No. 11-15494 (JMP) |

**MEMORANDUM DECISION GRANTING TRUSTEE'S APPLICATION TO STRIKE
CLAIMED EXEMPTION FOR VALUE OF RENT-STABILIZED LEASE**

APPEARANCES:

PEREIRA & SINISI, LLP
*Attorneys for John S. Pereira, Chapter 7 Trustee*
The Chrysler Building
405 Lexington Avenue, 7th Floor
New York, New York 10174

    John Pereira, Esq.
    Ann Marie Sinisi, Esq.

KATHLEEN G. CULLY PLLC
*Attorney for Debtor*
900 W. 190th Street, #3N
New York, NY 10040-3654

    Kathleen G. Cully, Esq.

**JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE**

*Introduction*

The Court heard oral argument on March 29, 2012 (the "Hearing) on the application of

the chapter 7 trustee (the "Trustee") to strike the claim of Mary Veronica Santiago-Monteverde

(the "Debtor") that she is entitled to an exemption for the value of her rent-stabilized lease. As

acknowledged by Debtor's counsel at the Hearing, it is undisputed that a rent-stabilized lease is

property of the estate and that the Trustee may "assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365, *see Toledano v. Kittay*, 299 B.R. 284 (Bankr. S.D.N.Y. 2003) (where a chapter 7 debtor's interest in her rent stabilized lease was property of the estate, permitting the trustee to assume the lease, assign the lease to the debtor's landlord and evict the debtor); *see also In re Stein*, 281 B.R. 845 (Bankr. S.D.N.Y. 2002) (where the Court approved the chapter 7 trustee's application to sell the debtor's rights of occupancy in his lease to the debtor's landlord and evict the debtor).

The narrow question before the Court – and apparently one of first impression – is whether the value of Debtor's rent-stabilized lease for 199 East 7th Street, Apt. 1A, New York, New York (the "Lease") is exempt as a "public assistance benefit" within the meaning of section 282(2) of the New York Debtor and Creditor Law ("DCL"). For the reasons articulated on the record at the Hearing and stated below, the Court finds that the Lease does not qualify as an exempt "public assistance benefit" and sustains the Trustee's application.

*Factual and Procedural History*

Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on November 29, 2011. Debtor's originally filed schedules listed the Lease as an executory contract and unexpired lease in Schedule G. ECF No. 1.

After filing a no-asset report, the Trustee received an offer from the Debtor's landlord, East 7th Street Development Corp., to purchase the Trustee's right, title and interest in the Lease. The Trustee withdrew the no-asset report, ECF No. 6, and on January 26, 2012, the Court so ordered a stipulation between the Trustee and Debtor's landlord, extending the Trustee's time to assume or reject the estate's rights in the Lease to March 30, 2012.[1] ECF No. 11.

---

[1] This date has been further extended by stipulation to April 30, 2012. ECF No. 22.

2

The Trustee informed the Debtor of his intention to sell the Lease to the landlord, and the Debtor then filed an Amended Schedule "B" and "C," recharacterizing the Lease as personal property, electing New York's exemptions pursuant to 11 U.S.C. § 522(b)(3) and claiming an exemption for the value of the Lease under DCL section 282(2). ECF No. 14. On the same day, the Debtor also submitted a Form 8 Statement of Intention, indicating that she intended to assume the Lease pursuant to 11 U.S.C. § 365(p)(2).[2] ECF No. 15.

The Trustee has responded to these attempts by the Debtor to characterize her interest in the Lease as exempt by moving to strike the claimed exemption as impermissible under applicable law. *See* Appl. to Strike Debtor's Claim of an Exemption for Value of Rent-Stabilized Lease (the "Application"), ECF No. 16. Debtor has defended the propriety of the exemption and opposes the Application. *See* Debtor's Objection to Chapter 7 Trustee's Appl. to Strike Debtor's Claim of an Exemption for Value of Rent-Stabilized Lease (the "Opposition), ECF No. 20.

*Discussion*

Section 522(b) of the Bankruptcy Code establishes the general rule that an individual debtor may exempt certain designated assets from property of the estate and allows each state to mandate the use of its own list of exemptible assets. 11 U.S.C. § 522(b). A debtor domiciled in New York may elect either the exemptions available under New York law and other generally applicable federal law or the federal exemptions provided in 11 U.S.C. § 522. *See* 11 U.S.C. § 522(b)(1); N.Y. DEBT. & CRED. Law § 285. Debtor elected to claim exemptions under the law of New York. *See* ECF No. 14; *see also* Opposition ¶ 2, ECF No. 20.

---

[2] Debtor's revised schedules B and C characterize the "value of [Debtor's] rent-stabilized lease" as personal property, and attempt to utilize 11 U.S.C. § 365(p)(2) to assume the Lease. ECF Nos. 14 and 15. However, 11 U.S.C. § 365(p)(2) applies to the assumption of "personal property" leases, not executory contracts or leases for residential real property. Debtor's effort to brand the "value" of the Lease as personal property does not change the fact that the Lease itself is a residential real property lease, and 11 U.S.C. § 365(p)(2) is, therefore, inapplicable.

Section 282 of the DCL exempts certain described benefits from administration. Specifically, DCL section 282(2) exempts:

> The debtor's right to receive or the debtor's interest in: (a) a social security benefit, unemployment compensation or a local public assistance benefit; (b) a veterans' benefit; (c) a disability, illness, or unemployment benefit; (d) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; and (e) all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service ….

N.Y. DEBT. & CRED. LAW § 282(2).

Debtor looks to the above language and argues that "exemption statutes are to be liberally construed." Opposition ¶ 3, ECF No. 20, citing *In re Keil*, 88 F.2d 7, 8-9 (2d Cir. 1937). While correct as a general proposition, "this maxim is not an end unto itself and does not displace all other rules of statutory construction with regard to exemption statutes." *In re Lowe*, 252 B.R. 614, 620 (W.D.N.Y. 2000). Notably, under New York principles of statutory interpretation, words employed in a statute are construed in connection with, and their meaning is ascertained by reference to the words and phrases with which they are associated and specific examples in a statute limit the meaning of subsequent more general wording. *See* N.Y. Stat. § 239 (McKinney 2011). Notably, all of the items listed in section 282(2) are payments of one sort or another that a debtor has the right to receive or in which the debtor has an interest. The natural inference is that the section only seeks to exempt certain kinds of qualifying payments.

DCL section 282(2) makes no specific reference to "the value of a rent-stabilized lease" as property that is exempt from administration, and so the question presented is whether the Lease fits logically within the category of a "public assistance benefit" as used in DCL section 282(2). The Trustee asserts that the value of Debtor's rent-stabilized lease is not exempt as a "public assistance benefit" – arguing that "[u]nlike a public assistance benefit there is no

4

eligibility requirement to be met by the tenant as to level of income and financial resources …" and the "'benefit' conferred by rent stabilization depends on the characteristics of the building and apartment." Application ¶ 11, ECF No. 16.

In support of her interpretation of the provision, Debtor contends that "[t]he value inherent in the Debtor's rent-stabilized lease constitutes a 'local public assistance benefit' for the simple reason that rent stabilization is a local benefit provided by New York law to assist those members of the public that the legislature determined to need assistance." Opposition ¶ 2, ECF No. 20. Debtor also cites the Local Emergency Housing Rent Control Act of 1962, for the proposition that there was "a serious public emergency" in the "housing of a considerable number of persons" and that rent regulation was required to "prevent uncertainty, hardship and dislocation." *Id.*

Debtor's argument is based on an unpersuasive reading of the text that does not consider the phrase "public assistance benefit" within its statutory context of specified payments. Although the phrase "public assistance benefit" is not defined and there appears to be no New York precedent providing any direct guidance as to its meaning, there is authority that construes the purposes of DCL section 282(2) more generally, finding that "aside from veterans' benefits, this provision deals only with the right to receive payments necessary for the Debtor's support (e.g. social security or unemployment) and substitutes for future earnings (e.g., pension, disability)." *In re Lowe*, 252 B.R. at 623 (finding that a chapter 7 debtor's accrued funds in a profit sharing plan were not exempt under DCL section 282(2)).

In addition, the exemption provision of DCL section 282(2) is substantially similar to that found in 11 U.S.C. § 522(d)(10) that exempts the right to receive "a social security benefit, unemployment compensation, or a local public assistance benefit." 11 U.S.C. § 522(d)(10); N.Y.

5

DEBT. & CRED. LAW § 282(2). The legislative history of 11 U.S.C. § 522(d)(10) indicates that it "exempts certain benefits that are akin to future earnings of the debtor," but it provides no elaboration as to what type of payments will constitute public assistance benefits. H.R. Rep. No. 95-595 at 362 (1978). This reference is of limited value in construing a comparable provision in the New York statute, but it does point out a defect in Debtor's argument for treating the Lease as a "public assistance benefit" – the Lease plainly is beneficial to the Debtor in avoiding the foreseeable incremental cost of renting a comparable apartment and in providing a below market rental obligation, but that right is not like the right to receive a stream of future exempt payments that provide monthly support for an individual.

DCL section 282(2) lists in sequence a social security benefit, unemployment compensation, and a local public assistance benefit. Both a social security benefit and unemployment compensation have been categorized as "payments necessary for the Debtor's support," *In re Lowe*, 252 B.R. at 623, and as "benefits that are akin to future earnings of the debtor." H.R. Rep. No. 95-595 at 362 (1978). Therefore, a "public assistance benefit," as that term appears in DCL section 282(2), is in the nature of an individual right to receive certain exempt personal income because the debtor belongs to a class qualified to receive such payments. The below market rent attributable to the Lease undoubtedly is beneficial to the Debtor's personal maintenance and lifestyle, but the savings in rent relative to what otherwise would be payable under a market lease for the same apartment do not fit the usage of the term "public assistance benefit" within the statute. The statutory exemptions apply to certain kinds of qualifying payments, not to favorable regulations governing Debtor's obligation to pay rent.

The exemptions in section 282(2) are all entitlements available to an individual once certain eligibility requirements have been satisfied. These entitlements differ from the benefits

6

derived from living in an apartment unit that happens to be "rent-stabilized." That personal benefit is a privilege enjoyed by certain New Yorkers, simply by virtue of being tenants in apartment buildings subject to the rent stabilization law that, among other things, restricts increases in rent.[3] New York City Rent Guidelines Board, Rent Stabilization FAQ, http://www.nycrgb.org/html/resources/faq/rentstab.html#exactly (last visited Apr. 9, 2012). Such individuals no doubt consider themselves lucky to have the benefit of affordable housing in a city that is legendary both for its high rents and some anomalous special exceptions to the general rule of notoriously expensive housing.

This benefit of paying below market rent, however, is not a "public assistance benefit" that is entitled to any exemption in bankruptcy. It is a quirk of the regulatory scheme in the New York housing market, not an individual entitlement. Rent stabilization has allowed certain individuals to benefit from below market rent simply because of the fortuitous circumstances of where they are living. These tenants often pay less for rent than the higher fair rental expense that would apply if their units were rented in an unregulated market.

Over time, the differential between rent payable with respect to a rent-stabilized unit and a comparable unregulated apartment becomes an asset in the hands of the tenant. The right to benefit from this favorable spread in monthly rent is circumstantial and created by market forces, can be monetized in bankruptcy and is not properly compared with the right of a qualifying individual debtor to receive a public assistance payment. The present dispute between the Trustee and the Debtor focuses attention on this differential and whether the Debtor herself or the Debtor's estate should have the right to benefit from the value derived from this spread.

---

[3] As noted in the website of the New York City Rent Guidelines Board, New York's rent stabilization system was enacted in 1969 and has been extended and amended since then. About one million apartments are covered by this law that protects tenants from sharp increases in rent. The fact that so many apartment units are subject to stabilization was not addressed by the parties in their submissions and has played no role in this decision.

7

The Lease differs from the items included within DCL section 282(2) because it is an asset of the estate that by its very nature can be sold for value. As such, it is unlike any of the payments listed in this section and does not constitute a "public assistance benefit" within the meaning of DCL section 282(2). Thus, the Lease is not exempt from administration and remains property of the estate. *See Toledano,* 299 B.R. 284. This is true notwithstanding the fact that the Debtor herself is a sympathetic individual of limited means who benefits each month by paying less than fair market rent for the right to occupy her apartment.

### *Conclusion*

For the reasons stated, the Court grants the Application, and the Trustee is directed to submit an order consistent with this decision.


Dated:   New York, New York
         April 10, 2012

                                    *s/ James M. Peck*
                                    UNITED STATES BANKRUPTCY JUDGE