| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | HEARING DATE: AUGUST 22, 2012 |
| SOUTHERN DISTRICT OF NEW YORK | @2:00 P.M. |

-------------------------------------------------------------------X

In re:  Case No. 11-15494 JMP

MARY VERONICA SANTIAGO-MONTEVERDE,  Chapter 7

        Debtor.

-------------------------------------------------------------------X

**NOTICE OF MOTION BY CHAPTER 7 TRUSTEE PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE FOR AN ORDER APPROVING OF AND AUTHORIZING TRUSTEE TO ASSUME AND ASSIGN ANY AND ALL OF THE ESTATE'S RIGHTS IN A LEASE FOR 199 EAST 7TH STREET, APARTMENT 1A, NEW YORK, NEW YORK 10009, <u>AND GRANTING RELATED RELIEF</u>**

      **PLEASE TAKE NOTICE**, that upon the annexed motion (the "Motion") of John S. Pereira, the Chapter 7 Trustee (the "Trustee") of Mary Veronica Santiago-Monteverde, (the "Debtor"), by his attorneys, Pereira & Sinisi, LLP, the Trustee will move this Court before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004, in Courtroom #601 on August 22, 2012 at 2:00 p.m., or as soon thereafter as counsel can be heard, for an order approving a sale between the Trustee and 199 East 7th Street LLC (the "Landlord") authorizing the Trustee to assume and assign any and all of the estate's rights in a lease (the "Lease") for 199 East 7th Street, Apartment 1A, New York, New York 10009 (the "Premises") to the Landlord and to sell any and all of the estate's rights and interests in the Lease for the Premises to the Landlord, and granting related relief.

      **PLEASE TAKE FURTHER NOTICE**, that any objections or responses to the Motion must be in writing and shall be filed electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for Electronic Filing Case System can be found at http://www.nysb.uscourts.gov, the official website for the Court), by registered users of the Court's case filing system, and by all other parties in interest, on a 3.5 inch disk, in Portable Document

Format (PDF), Word Perfect or any other Windows-based word processing format (with a hard copy and diskette delivered directly to Chambers) and be served upon the law offices of Pereira & Sinisi, LLP, The Chrysler Building, 405 Lexington Avenue, 7th Floor, New York, New York 10174, Attention: Ann Marie Sinisi, Esq., and the Office of the United States Trustee, Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Elisabetta G. Gasparini, so as to be received at least seven (7) days prior to the Hearing Date.

Dated: New York, New York
   July 31, 2012         PEREIRA & SINISI, LLP
                    Attorneys for Chapter 7 Trustee

              By:  /s/ Ann Marie Sinisi
                 Ann Marie Sinisi (AS1112)
                 Partner
                 The Chrysler Building
                 405 Lexington Avenue, 7th Floor
                 New York, New York 10174
                 (212) 758-5777

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                               Case No. 11-15494 JMP

MARY VERONICA SANTIAGO-MONTEVERDE,                   Chapter 7

                              Debtor.
-----------------------------------------------------------------X

**CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO SECTIONS 363 AND
365 OF THE BANKRUPTCY CODE FOR AN ORDER APPROVING A SALE OF
AND AUTHORIZING THE TRUSTEE TO ASSUME AND ASSIGN ANY AND ALL OF
THE ESTATE'S RIGHTS IN A LEASE FOR: 199 EAST 7TH STREET, APARTMENT
1A, NEW YORK, NEW YORK 10009, AND GRANTING RELATED RELIEF**

**TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:**

      John S. Pereira, the Chapter 7 Trustee (the "Trustee") of Mary Veronica Santiago-Monteverde (the "Debtor"), by his attorneys, Pereira & Sinisi, LLP, does hereby make this motion (the "Motion") for the entry of an order pursuant to Sections 363 and 365 of the Bankruptcy Code approving the sale between the Trustee and 199 East 7th Street LLC (the "Landlord"), and authorizing the Trustee to assume and assign any and all of the estate's rights in a lease (the "Lease") for 199 East 7th Street, Apartment 1A, New York, New York 10009 (the "Premises") to the Landlord, and to sell any and all of the estate's rights and interests in the Lease for the Premises to the Landlord, and granting whatever further related relief may be necessary, respectfully represents and alleges as follows:

**BACKGROUND**

1.      On November 29, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2.      John S. Pereira was appointed as interim Trustee and has duly qualified as Trustee

herein pursuant to §702 of the Bankruptcy Code and is the permanent Trustee.

3. The law offices of Pereira & Sinisi, LLP was retained as counsel the Trustee.

4. Among the assets of the Debtor is the Debtor's rights under a residential rent stabilized Lease for 199 East 7th Street, Apartment 1A, New York, New York 10009.

5. The Lease is a valuable asset of the Debtor's estate. The building is located in the East Village, was converted to a cooperative apartment building in the mid 80s but the Debtor did not elect to purchase her unit. Her monthly rent is approximately $703.00, which upon information and belief, is substantially below market rate for such an apartment.

6. In order to protect the interest of the creditors of the Estate, the Trustee entered into stipulations with the Landlord, extending the Trustee's time to assume and assign the Lease up to and including August 31, 2012. The Stipulations were approved by the Court.

7. The Landlord has made two offers to purchase the Trustee's right, title and interest in the Lease. The offers and the terms are set forth in Paragraph "8" below. The Trustee with the approval of the Court will choose the offer which is in the best interests of the estate.

8. The Sale Offers:

   1) The Landlord will purchase the leasehold from the Trustee at a price sufficient to satisfy the claims of all non-disputed, non-contingent, liquidated creditors in full, and will in addition, make payment to the Trustee and his counsel, of a sum to be discussed and agreed-upon in consideration of reasonable legal fees incurred in the administration of the chapter 7 case. In consideration of the foregoing, the Debtor will be granted the right to a life estate in the Premises with no succession rights or rights to sublet, with lease payments to be made premised upon the terms of the existing lease, with increases solely based upon increases in rent as authorized by the Rent Guidelines Board of the City of New York for Rent Stabilized apartment units. Notwithstanding the Landlord's position that succession rights to the lease and apartment do not exist, and in full recognition that the Debtor's son is married, with his wife residing in apartment 1C in the same building as the Debtor, the foregoing offer specifically contemplates that succession rights,

if any, have been terminated and that upon the death of or the vacating of the apartment by the Debtor, all rights to occupancy of the Premises shall belong to the Landlord, who shall be granted a warrant of eviction by the Bankruptcy Court to be held in escrow until the death of the Debtor or vacating of the apartment by the Debtor, or alternatively, the Bankruptcy Court order shall specifically recognize the rights of the Landlord to the issuance of a warrant of eviction by a court of competent jurisdiction upon the death of the Debtor or the vacating of the apartment by the Debtor; or

2) The Landlord will purchase the leasehold from the Trustee at a price sufficient to satisfy the claims of all non-disputed, non-contingent, liquidated creditors in full, and will in addition, make payment to the Trustee and his counsel, of a sum to be discussed and agreed-upon in consideration of reasonable legal fees incurred in the administration of the chapter 7 case. In consideration of the foregoing, together with payment to the Debtor of $100,000.00, the Debtor will vacate the Premises and all rights she has in the Premises, including any succession rights will be terminated. In addition, the Landlord will use all good faith efforts to assist the Debtor in gaining admission to an assisted living facility, if she so chooses to do so.

## **RELIEF REQUESTED AND BASIS THEREFOR**

**The Sale Should Be Approved As Being Fair and Reasonable
And In The Best Interests of the Estate and Its Creditors**

9. The Trustee seeks court approval of the sale authorizing the Trustee to assume and assign any and all of the Estate's rights in the lease for the Premises, and to sell any and all of the Estate's rights and interests in and to the Lease for the Premises, and granting further related relief. A proposed Order is annexed as Exhibit "A".

10. The Sale should be approved as being fair and reasonable and in the best interests of this Estate and its creditors and within the guidelines set by Sections 363 and 365 of the Bankruptcy Code.

11. The Trustee has weighed all of the factors for the approval of the sale under Sections 363 and 365 of the Bankruptcy Code, and has carefully considered the benefits and consequences

of entering into the Sale with the Landlord. Acceptance of the offer by the Landlord to purchase the Lease for the Purchase Price, which will be paid by the Landlord in accordance with the terms of the sale, will transform this "no asset" estate into an estate with funds to pay all creditors with allowed claims the full amount of their claims. Accordingly, and based on the foregoing, the Trustee respectfully requests that the Court authorize and approve the Sale as being fair, reasonable and in the best interests of the estate.

12. Here, as set forth above, the Trustee believes the acceptance of either offer is fair, reasonable and is in the best interests of this estate and its creditors. The Landlord's offer preserves and maximizes the value of the Lease and also provides for a substantial benefit to the Debtor.

**The Assumption and Assignment of the Lease Pursuant to
the Terms of Either Offer Should be Approved**

13. The Trustee seeks authorization to assume and assign the Lease to the Landlord pursuant to the terms of one of the Sale Offers. Section 365(b)(1) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . ." 11 U.S.C. § 363(b).

14. The Second Circuit applies a "business judgment" test to a trustee's decision to assume or reject contracts or leases. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 29 C.B.C. 2d 1341 (2d Cir. 1993). In *Orion*, the court found that "a bankruptcy court reviewing a trustee's or debtor-in-possession's decision to assume or reject an executory contract should examine [the] contract and the surrounding circumstances and apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it." *Id*. at 1098. A court's or trustee's business judgment is the type of judgment that a business person would make under similar circumstances.

15. As we have seen in other cases, the fact that the lease is covered under New York City's Rent Stabilization Laws, see 19 NYCRR §2520-2530, does not hinder the Trustee's ability to assume and assign the Lease under § 365 of the Bankruptcy Code. The Second Circuit addressed the nature of rent-stabilized leases in *In Resolution Trust Corp. V. Diamond*, 18 F.3d111 (2d Cir.1994) *vacated and remanded sub nom.*, *Solomon v. Resolution Trust Corp.*, 130 L.Ed.2d 5, 115 S.Ct. 43 (1944), and in *In Resolution Trust Corp. V. Diamond*, 45 F.3d 665 (2d Cir.1995) *certiorari denied June 26, 1995,* Reported at: 1995 U.S. Lexis, 4298. Although these cases were not decided under the Bankruptcy Code, but rather under the Financial Institutions Reform, Recover, and Enforcement Act of 1989, bankruptcy courts in this circuit, and this district, have held that these decisions regarding rent-stabilized leases also apply in cases under the Bankruptcy Code. The argument that rent-stabilized leases are not leases or contracts within the meaning of federal law and not governed by 11 U.S.C. § 365 was dismissed *In re Yasin*, 179 B.R. 43,49 (Bankr. S.D.N.Y.1995). As we have seen, not only is there a basis for allowing Trustees to assume and assign rent stabilized leases, but cases have recently been decided that allowed the bankruptcy trustee to have the U.S. Marshals Service evict the Debtor from the apartment so that the terms of sale to the Landlord that provided for the apartment to be delivered free and clear could be met. *In re Goldman*,, Case No. 11-11371(SHL), *In re: Toledano*, 299 B.R. 284 (B.R. 284 (Bankr. S.D.N.Y. 2003).

16. The Trustee believes the offers made are fair and reasonable and in the best interests of this estate and its creditors. The Landlord's offers assures that there will be a 100% distribution to all creditors of this estate which total general creditor body is approximately $23,000.00, as well as to all allowed administration creditors. There are no other assets for the Trustee to administer for the benefit of creditors. Moreover, in order to compensate the Debtor for moving expenses should

be Debtor cooperate in the orderly vacatur of the apartment pursuant to one of the offers being considered, Landlord will pay to the Tenant $100,000.00.

17. For all of the foregoing reasons, the assumption and assignment of the Lease should be approved.

### The Trustee Should be Authorized to Take all Necessary Steps to Effectuate the Assumption and Assignment of the Lease Pursuant to the Terms of the Offer Which He Accepts

18. The Trustee also seeks authorization to take whatever steps he deems necessary to effectuate the assumption and assignment of the Lease to the Landlord pursuant to the terms set out in the Sale terms, including but not limited to, signing all necessary documents to assign the Estate's interest in the Lease to the Landlord, and taking the appropriate legal action necessary to convey the Premises free and clear of any and all occupancy, possession or tenancy by anyone, including the Debtor. To effectuate this sale, the Trustee respectfully requests that the Court, if necessary, order the Debtor and all occupants of the Premises to vacate the Premises by a date certain, and if necessary, enforce such order by authorizing the Trustee to have the United States Marshals Service evict the Debtor and/or any other occupants of the Premises.

19. The Bankruptcy Court, pursuant to Section 105(a) of the Bankruptcy Code has the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title..." Such authorized actions should include seeking an order for this Court directing the United States Marshals Service to evict all occupants from the Premises so as to allow the Trustee to effectuate the terms of the assignment of the Lease to the Landlord. Moreover, the Debtor has a duty as set out under Section 521(3) of the Bankruptcy Code to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title". As set out

in Section 704 of the Bankruptcy Code, the Trustee's principal duty is to collect and reduce to money, the property of the estate.

20. For all of the foregoing reasons, the Trustee should be authorized to take all steps necessary to effectuate the assumption and assignment of the Lease.

**The Proposed Sale of the Estate's Rights and Interests In,
and to The Lease Should Be Approved**

21. Section 541 of the Bankruptcy Code states that when a debtor files for bankruptcy, an estate is created, and all non-exempt property of the debtor passes to the trustee for the benefit of creditors.

22. Section 704(a) states that the Trustee shall "collect and reduce to money the property of the estate for which such trustee serves..." A Chapter 7 "trustee is required to liquidate a debtor's assets in a manner that will be most beneficial to the creditors." *In re Persky*, 893 F.2d 15, 18 (2d Cir. 1989).

23. Section 363(b) of the Bankruptcy Code provides that a trustee may sell property of the estate after notice and a hearing.

24. Notice of this Motion is being mailed to the Debtor, present and former counsel, her son and his counsel, and all applicable taxing authorities and all of the Debtor's known creditors.

25. The Lease, which is the subject of this Motion is property of the estate. This was clearly established in the Second Circuit *In Resolution Trust Corp. v. Diamond*, 45 F.3d 665 (2d Cir. 1995) where it was established that a debtor/tenant's rights under a rent stabilized lease in New York are contractual rights grounded solely in the lease and therefore pursuant to Section 541 of the Bankruptcy Code, belong exclusively to the Trustee.

26. Because the relevant case and statutory law is set forth above, Trustee respectively

requests that the Court dispense with and waive the requirement of Local Bankruptcy Rule 9013, which requires the submission of a Memorandum of Law.

27. For the foregoing reasons, the terms and conditions of sale should be approved and made binding upon the assumption and assignment of the Lease.

## **NOTICE AND NO PREVIOUS REQUEST FOR RELIEF**

28. Notice of this Motion is being mailed to the Debtor and both her counsel of record, the Debtor's son and his counsel, and all applicable taxing authorities and all of the Debtor's known creditors. It is requested that the Court approve such notice as good and sufficient notice of this Motion.

29. No previous request has been made for the relief requested by this Motion.

**WHEREFORE**, the Trustee requests that the Motion be granted, and that the Court grant such other and further relief it deems just and proper.

Dated: New York, New York
      July 31, 2012

PEREIRA & SINISI, LLP
Attorneys for Chapter 7 Trustee

By: /s/ Ann Marie Sinisi
Ann Marie Sinisi (AS1112)
Partner
The Chrysler Building
405 Lexington Avenue, 7th Floor
New York, New York 10174
(212) 758-5777